

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| Stephen Timm Peters and Ingegart Peters, | * | Case No.　　13-22866-DK |
| | * | Chapter　　7 |
| | * | |
| | * | |
| Debtors. | * | |

### ORDER DENYING MOTION FOR LEAVE TO MODIFY TERMS AS UNNECESSARY
### BUT DIRECTING CLOSURE OF CASE

In this Chapter 7 case, Debtor has received a discharge and the Trustee has filed a report of no assets to administer. However, Debtor has filed a Motion for Leave to Modify Terms, (the "Motion") the pendency of which is the only reason that this case has not been closed as fully completed. In the Motion, Debtor explains that the Debtor's mortgage Lender is willing to modify the terms of the Debtor's residential mortgage but requires this court to enter an order granting to Debtor leave to enter into the modification, or submission by Debtor of a "release" if the bankruptcy case has been closed. The Debtor's discharge has terminated the Lender's right to collect the mortgage debt from Debtor personally but the mortgage lien upon the Debtor's residence will survive the case, *i.e.* ride through. Because Debtor is not seeking to reaffirm the mortgage debt (which reaffirmation if in accordance with 11 U.S.C. § 524 would result in Debtor again being

personally liable)[1], no approval or leave by this court is required to allow Debtor to enter into a mortgage modification of the mortgage lien.  Consequently, the court cannot enter the totally useless order the Motion requests.

However, upon entry of this Order disposing of this Motion, the case will have been fully completed and can be immediately closed which appears to be an alternative requirement from the Lender for accepting the Debtor's entry into the modification.

Accordingly, it is by the United States Bankruptcy Court for the District of Maryland;

ORDERED, that the Motion for Leave to Modify Terms is Denied, as unnecessary; and it is further

ORDERED, that the Clerk shall immediately close this case.

cc:	Debtors
	Counsel for Debtors
	Chapter 7 Trustee
	Office of the United States Trustee

**End of Order**

---

[1] Absent a reaffirmation fully compliant with 11 U.S.C. § 524, Debtor cannot become again personally liable for the discharged debt.  Because Section 524 requires that any reaffirmation agreement must be entered into before the discharge is granted, no reaffirmation agreement is permissible in this case.